UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEREK COPPINS,

                                Petitioner,

       - v -                                              Civ. No. 9:20-CV-736
                                                                 (GTS/DJS)
WILLIAM LEE,

                                Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

DEREK COPPINS
Petitioner, *Pro Se*
17-A-0399
Eastern Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA JAMES                      DENNIS A. RAMBAUD, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Petitioner Derek Coppins was convicted after trial of attempted assault in the first degree, assault in the second degree, and tampering with a witness in the fourth

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

degree. Dkt. No. 1, Pet., p. 1; *People v. Coppins*, 173 A.D.3d 1459, 1460 (3d Dep't 2019). He was sentenced to a determinate term of 15 years in prison on the attempted assault conviction and "lesser concurrent prison terms on the other two convictions." *People v. Coppins*, 173 A.D.3d at 1460. Respondent opposes the Petition. Dkt. No. 8-1, Resp.'s Mem. of Law. Petitioner filed a Traverse in further support of the Petition. Dkt. No. 12.

## I. BACKGROUND

Petitioner was named in a four count indictment charging him with assault, attempted assault, and two counts of witness tampering. SCR. 7-14.[2] The charges related to a 2016 incident that occurred in the City of Albany, New York. *Id.* One of the two witness tampering charges was dismissed by the court prior to trial. SCR. 36. Petitioner was convicted on each remaining count. *People v. Coppins*, 173 A.D.3d at 1460.

During the course of the trial, one juror reported to the Commissioner of Jurors Office by telephone that he was ill and would be unable to attend the trial. TT. 1052. After consulting with counsel, the state trial court directed a court employee to recontact the juror and make further inquiry about the juror's potential availability. Petitioner's defense counsel sought to have the trial judge speak directly with the juror, but the court declined. *Id.* at 1053-1056. The court inquired of the employee following the second conversation and permitted counsel to do so as well. *Id.* at 1057-1061. The court then afforded counsel the opportunity to be heard, during which counsel for Petitioner noted her objection to dismissing the juror. *Id.* at 1061-1062. The objection was overruled and

---

[2] The state court record has been provided by Respondent. Dkt. No. 8-3. Citations to it are by reference to the Bates-stamped pages in the form "SCR." followed by a page number. The trial transcript has also been provided, Dkt. No. 8-4, and citations to it take the form "TT." followed by a page number.

the Court stated its intention to replace the juror with an alternate pursuant to N.Y. Crim. Proc. Law section 270.35 and an alternate juror was seated. *Id.* at 1062-1064.

Following the conviction, Petitioner appealed arguing, *inter alia*, that the trial court failed to conduct an appropriate inquiry before seating the alternate juror. SCR. 102-110. The Appellate Division affirmed. It discussed the facts underlying the juror's availability and concluded that the trial court had "conducted the requisite inquiry" and "had a sufficient basis" to dismiss the absent juror. *People v. Coppins*, 173 A.D. 3d at 1463-1464. Leave to appeal was denied. 34 N.Y.3d 929 (2019).

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

3

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State

court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

Petitioner's sole ground for relief is that "County Court failed to conduct an adequate inquiry prior to dismiss[ing] a sitting juror." Pet. at p. 5. Respondent seeks dismissal of the Petition on the ground that Petitioner's claim is not cognizable in a habeas proceeding. Resp.'s Mem. of Law at pp. 11-15. For the reasons that follow, the Court recommends that the Petition be dismissed.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[Q]uestion[s] of state law . . . [are] not subject to federal habeas review." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012). "Simply put, 'federal habeas corpus relief does not lie for errors of state law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. at 67).

The juror in question was dismissed pursuant to N.Y. Crim. Proc. Law § 270.35. TT. 1062-1064. On direct appeal of his conviction, Petitioner specifically argued that removal of the juror failed to comply with the provisions of that section because insufficient inquiry was made into the juror's continued unavailability. SCR. 102-110. To the extent Petitioner's claim here is based on that state court provision it "is clearly a matter of state law that is not cognizable on habeas review." *Green v. Kirkpatrick*, 2017

5

WL 4174794, at *3 (N.D.N.Y. Sept. 19, 2017) (citing cases); *see also Tyrell v. Graham*, 2013 WL 12413494, at *8 (N.D.N.Y. June 10, 2013) ("Habeas courts in this Circuit have routinely rejected claims that a trial court improperly delegated its duties under C.P.L. § 270.35 on the basis that such claims involve only a matter of state procedural law and do not present a federal constitutional question.").

Under AEDPA, such a claim is clearly no basis for relief in any event. "Petitioner can point to no clearly established precedent from the Supreme Court requiring a hearing into an ill juror's availability." *Morales v. Strack*, 2003 WL 21816963, at *5 (E.D.N.Y. July 3, 2003). The Court also notes that the Appellate Division specifically found that "County Court conducted the requisite inquiry" in considering the juror's absence. *People v. Coppins*, 173 A.D.3d at 1464. The determination about a juror's continued fitness to serve "is a factual determination that is entitled to a presumption of correctness unless unsupported by the record." *Hughes v. Phillips*, 457 F. Supp. 2d 343, 368 (S.D.N.Y. 2006). The record here supported the trial court's determination and Petitioner has offered no evidence to contradict that finding here. It, therefore, is entitled to deference under AEDPA. *Tyrell v. Graham*, 2013 WL 12413494, at *8.

The cases cited by Petitioner in his Traverse do not support his claim for relief. *Baston v. Artus*, for example, specifically rejected that petitioner's claim that the substitution of a juror warranted habeas relief. 2010 WL 5067696 (E.D.N.Y. Dec. 6, 2010). The Court in *Baston* first found that such a claim is a state law claim and not a basis for federal habeas relief. *Id.* at *2. *Baston* recognized that federal law provides that the "[s]ubstitution of an alternate juror for reasonable cause is the prerogative of the court

and does not require the consent of any party." *Shepard v. Artuz*, 2000 WL 423519, at *5 (S.D.N.Y. Apr. 19, 2000) (quoting *United States v. Millar*, 79 F.3d 338, 342 (2d Cir. 1996)). Thus to the extent Petitioner seeks to assert an independent Sixth Amendment claim it should also be denied. *DeJesus v. Superintendent of Attica Corr. Facility*, 2017 WL 6398338, at *21 (S.D.N.Y. Dec. 13, 2017), *report and recommendation adopted sub nom. Dejesus v. Superintendent of the Attica Corr. Facility*, 2018 WL 4043144 (S.D.N.Y. Aug. 7, 2018).

*Baston* also noted that there was no claim for habeas relief absent a specific showing of prejudice. 2010 WL 5067696, at *3. A lack of demonstrated prejudice was also the basis for rejecting a juror dismissal claim in *Carrasco v. David*, 2002 WL 1205750, at *6 (S.D.N.Y. June 4, 2002). Here, as in *Baston* and *Carrasco*, Petitioner fails to show that he was prejudiced by the removal of the juror in question. The jury had not yet begun deliberations and an alternate juror was seated to replace the absent juror. *See Baston v. Artus*, 2010 WL 5067696, at *3. Petitioner's trial counsel objected on procedural grounds and made no claim of prejudice. *See* TT. 1053-1062. Petitioner makes no argument that he was prejudiced here.

Petitioner next relies on *Johnson v. Conway*, 2008 WL 2405709 (N.D.N.Y. June 11, 2008), but that case concerned the failure of the state court to dismiss a juror who was allegedly not impartial and thus is factually inapposite to this case.

Because the Petition presents a state law claim that is not cognizable in this federal habeas proceeding, it should be dismissed.

7

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[3] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such obligations shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 8, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge